IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TIMOTHY ANDREWS, PLAINTIFF | ) ) ) |
| VS. | ) CASE NO. 1:15-cv-684 ) ) DEMAND FOR JURY TRIAL ) |
| CITY OF HARTFORD, DEFENDANT. | ) ) |

## COMPLAINT

### I. INTRODUCTION

1. This Complaint alleges violations of the Americans with Disabilities Act 42 U.S.C. 126 §12112 for employment discrimination based on disability and the state action of intentional infliction of emotional distress.

### II. JURISDICTION

2. Jurisdiction is conferred on this court pursuant to 28 U.S.C. § 1331, 1343(4), 2201, 2202, 29 U.S.C. §626 et. seq., 29 U.S.C. § 1132 and 1140, and 12 USC 3401 et seq. This suit is authorized and instituted pursuant to the Act of Congress known as the "Americans with Disabilities Act". The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by 29 U.S.C. §621, et. seq.,.

3. The Plaintiff has fulfilled all conditions precedent to the institution of this action under the Americans with Disabilities Act by filing this charge of discrimination within 180 days of the occurrence of the last discriminatory act and filing this Complaint within 90 days of the receipt of the right to sue letter from the Equal Employment Opportunity Commission (EEOC) (Exhibit 1).

### III. PARTIES

1. The Plaintiff is a white, male, over forty and a resident of Geneva County with a documented disability.

2. The Defendant City of Hartford is a municipality in the State of Alabama.

## IV. VENUE

3. Venue is invoked pursuant to 28 U.S.C. §1391.

## V. STATEMENT OF THE FACTS

4. Mr. Andrews is a white male, over forty years of age with a documented disability, to wit diabetes.

5. Mr. Andrews began his employment with the Defendant employer in 2009 as a paramedic.

6. Mr. Andrews was diagnosed with diabetes thirty years ago.

7. Mr. Andrews performed his duties successfully as an employee of the Defendant and remained in the employ of the Defendant without any adverse incident until the events leading to the termination of his employment on February 3, 2015.

8. The Defendant terminated Mr. Andrews when he was forty-three (43) years of age and reliant on a diabetic pump.

9. Mr. Andrews requested reasonable accommodations including sensitivity training with his co-workers and intervention to stop harassment and bullying about his diabetes and diabetic pump.

10. The Defendants failed to provide the reasonable accommodations that Mr. Andrews requested.

11. The Defendant maintained that they terminated Mr. Andrews for poor job performance although his record was excellent until the events leading to his illegal termination after the accommodations were not provided.

12. Mr. Andrews earned approximately $23,000 annually from his employment at the time of his termination.

13. Mr. Andrews was wrongfully accused of poor job performance as a pretext for his illegal termination from his employment.

14. The employer used the pretext that Mr. Andrews had failed to meet standards of job performance as the basis of his termination to hide the Defendant's true discriminatory reasons for terminating Mr. Andrews within the meaning of 42 U.S.C. 126 (Subchapter 1)(Section 12112)(a),(b).

15. Mr. Andrews was qualified for the position he held at the time of his termination.

16. The Defendant was aware of Mr. Andrews's disabling condition of diabetes and the use of a diabetic pump and his required reasonable accommodations.

17. Mr. Andrews was discriminated against due to his disability.

18. Mr. Andrews received disparate treatment and retaliation because of his disability.

19. Mr. Andrews is in a protected class as an African American female with a disability.

20. Mr. Andrews received adverse personnel action.

21. Mr. Andrews was as good or as qualified as the replacing worker. In <u>O'Connor v. Consolidated Caterers Corp</u>, 517 U.S. 308 (1996) the Court states that the replacing worker need

not be in the protected class of people, i.e. the replacing worker can also be a member of the protected class of people.

22. Mr. Andrews suffered trauma as a result of his termination.

23. Mr. Andrews' character was defamed in the small, rural community impeding his ability to find other similar employment.

24. Mr. Andrews was terminated from his work with the Hartford Police Department due to his termination from the Rescue Squad.

25. Mr. Andrews was retaliated against by the Defendant because he requested reasonable accommodations for his disability.

26. Mr. Andrews filed charges with the EEOC on or about May 21, 2015, thus meeting the statutory reporting requirements of ADA.

27. The EEOC issued a Right To Sue letter on June 22, 2015 (Exhibit 1).

28. Mr. Andrews is an employee within the meaning of 42 U.S.C. 126 (Subchapter 1)(Section 12111)(4) and a qualified individual within the meaning of 42 U.S.C. 126 (Subchapter 1)(Section 12111)(8).

29. The Defendant City of Hartford is an employer within the meaning of 42 U.S.C. 126 (Subchapter 1)(Section 12111)(2) as a covered entity.

30. Between January and February 2015, Mr. Andrews requested reasonable accommodations of from Defendant City of Hartford, but his requests were ignored.

31. On or about February 3, 2015 Mr. Andrews was terminated without receiving a written warning.

32. Mr. Andrews was treated differently than others who were accused of similar or more serious acts.

## VI. CAUSES OF ACTION

**COUNT 1: DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT FOR DISPARATE TREATMENT OF TIMOTHY ANDREWS IN HIS EMPLOYMENT BY HIS EMPLOYER CITY OF HARTFORD.**

33. Mr. Andrews re-alleges and incorporates by reference paragraphs 1-32 above with the same force and effect as if fully set out in specific detail herein below.

34. Mr. Andrews was a member of the protected disability group, and he was adversely affected by the Defendant City of Hartford Inc. by their decision to discharge him.

35. Mr. Andrews was qualified for the position he held at the time of his discharge.

36. The Defendant City of Hartford willfully discriminated against Mr. Andrews because of his disability by terminating his employment.

37. The actions of the Defendant were willful, malicious, and designed to terminate Mr. Andrews.

38. Mr. Andrews suffered extreme mental and emotional anguish as a direct result of the Defendants wrongful actions.

39. Mr. Andrews suffered lost wages, loss of medical insurance benefits, loss of life insurance coverage as a direct result of the Defendants' deliberate and malicious actions.

## COUNT TWO: DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT FOR FAILURE TO PROVIDE REASONABLE ACCOMODATIONS AND RETALIATION AGAINST TIMOTHY ANDREWS BY HIS EMPLOYER, CITY OF HARTFORD.

40. Mr. Andrews re-alleges and incorporates by reference paragraphs 1-39 above with the same force and effect as if fully set out in specific detail herein below.

41. Mr. Andrews was a member of the protected disability group, and he was adversely affected by the Defendant City of Hartford's decision to retaliate against him for requiring reasonable accommodations by establishing unwarranted reasons for discharging him from employment.

42. Mr. Andrews was qualified for the position he held at the time of his discharge and for other positions at the Defendant City of Hartford.

43. The Defendant City of Hartford failed to make the requested reasonable accommodations for Mr. Andrews and retaliated against him for makings such requests by terminating him.

44. The Defendant City of Hartford Inc. willfully discriminated against Mr. Andrews because of his requesting reasonable accommodations by terminating his employment.

45. The actions of the Defendants were willful, malicious, and designed to terminate Mr. Andrews rather than provide the reasonable accommodations requested.

46. Mr. Andrews suffered extreme physical pain and suffering and mental and emotional anguish as a direct result of the Defendants' wrongful actions which exacerbated his disability.

47. Mr. Andrews suffered lost wages, loss of medical insurance benefits, loss of life insurance coverage as a direct result of the Defendants' deliberate and malicious actions.

## VII: RELIEF

WHEREFORE, Timothy Andrews requests that this honorable court grant him the following relief:

48. Declare that Mr. Andrews was discriminated against in the termination of his employment with the Defendant because of his disability in violation of the Americans with Disabilities Act.

49. Declare that Mr. Andrews was willfully and wrongfully terminated to prevent the provision of reasonable accommodations to him and in retaliation for his requesting such.

50. Grant a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act.

51. Award double back pay, including fringe benefits, to Mr. Andrews since his separation from employment since the termination was a willful violation of the statutes.

52. Award front pay to Mr. Andrews until his planned retirement age of 70.

53. Award liquidated damages to Mr. Andrews.

54. Award three times the economic damages for the emotional distress Mr. Andrews suffered.

55. Award compensatory damages to Mr. Andrews's family members for loss of consortium with him.

56. By awarding the medical costs incurred for lack of insurance and life insurance value to Mr. Andrews.

57. Award $300,000 in punitive damages from the Defendant City of Hartford to punish them for their particularly egregious discrimination.

58. Award reasonable attorney's fees for Timothy Andrews to pursue this matter.

Respectfully submitted on this the 16th day of September 2015.

/s/ Letta Dillard Gorman
LETTA DILLARD GORMAN (GOR 026)
ATTORNEY FOR TIMOTHY ANDREWS

P.O. BOX 983
GENEVA, ALABAM 36340
(334) 258-9148
lgorman109@gmail.com

_____
TIMOTHY ANDREWS

STATE OF ALABAMA   )
COUNTY OF GENEVA   )

Sworn to and subscribed before me on this the 16th day of Sept, 2015.

My Commission expires 5/18/2017

58. Award reasonable attorney's fees for Timothy Andrews to pursue this matter.

Respectfully submitted on this the 16th day of September, 2015.

/s/ Letta Dillard Gorman
LETTA DILLARD GORMAN (GOR 026)
ATTORNEY FOR TIMOTHY ANDREWS

P.O. BOX 983
GENEVA, ALABAM 36340
(334) 258-9148
lgorman109@gmail.com

_____
TIMOTHY ANDREWS

STATE OF ALABAMA   )
COUNTY OF GENEVA   )

Sworn to and subscribed before me on this the 16th day of Sept, 2015.

My Commission expires 5/18/2017

SCANNED