AT-103

# STATE OF ALABAMA
# DEPARTMENT OF LABOR
# HEARINGS AND APPEALS DIVISION
# MONTGOMERY, ALABAMA 36130



## DECISION ON UNEMPLOYMENT COMPENSATION CLAIM

**CLAIMANT**

TIMOTHY S ANDREWS
406 N PRIDGEN ST
GENEVA AL 36340

**EMPLOYER**

CITY OF HARTFORD
203 WEST MAIN STREET
HARTFORD AL 36344-1626

**APPELLANT:** CLAIMANT
**LOCATION** : TELEPHONE
**OC NO.** : 00-38

**DATE MAILED** : 04/29/15
**CASE NO.** : 02645-AT-15
**S. S. NO.** : XXX-XX-6287
**HEARING DATE**: 04/25/14

**APPEARANCES AT THE HEARING:** Claimant with representative

**ISSUE(S):** Discharge from most recent bona fide work for actual or threatened deliberate misconduct committed in connection with work after previous warnings. Section 25-4-78(3)(b) Code of Alabama 1975

**FINDINGS:** The claimant appealed an Examiner's determination which imposed a disqualification and denied benefits under the provisions of Section 25-4-78(3)(b) of the Unemployment Compensation Law. The determination was based upon a finding that the claimant was discharged from last bona fide work with this employer for misconduct committed in connection with work repeated after previous warning.

The claimant worked for the listed employer from August 15, 2009, until February 3, 2015, as a paramedic. The claimant was assigned a partner on January 26, 2015, and the partner drove the vehicle that evening. They were leaving the emergency room in Dothan, Alabama when the claimant received a text message from the dispatcher advising of a non-emergency call and instructing them to go to the police department in Hartford, Alabama to check on a patient. The claimant relayed the message to his co-worker. The co-worker made a detour to the fire station in Hartford, Alabama to retrieve his cell phone instead of driving directly to the police department. Shortly after the dispatcher cancelled the call. On February 3, 2015, the fire chief met with the claimant to discuss the delay in response to the call on January 26, 2015. After explaining the events of that evening, the claimant was discharged effective immediately without further discussion.

The coworker assigned with the claimant on January 27, 2015, had been making derogatory and offensive remarks about him and shared pictures he had taken of the claimant's personal belongings with co-workers for six months. He reported the matter to the chief of police in January 2015. The claimant was advised that an investigation would be conducted. The claimant was ignored by the co-worker after suggesting that they retrieve the cell phone after responding to the call. The co-worker's behavior continued and there was no resolution to the matter prior to the claimant being discharged. The claimant disagreed and appealed the discharge. A hearing was held February 27, 2015. He received a letter signed by the mayor indicating he was upholding the fire chief's decision. The

claimant filed a 2nd appeal with the Board of Directors within the five days allowed. A hearing date has not been scheduled to date.

**CONCLUSIONS:** Section 25-4-78(3)(b) of the Law provides that an individual shall be disqualified if he was discharged from his most recent bona fide work for actual or threatened misconduct committed in connection with his work repeated after previous warning to the individual. "Misconduct" is defined as conduct evincing a deliberate, willful, or wanton disregard of an employer's interests or of the standards of behavior which he has a right to expect of his employees. When misconduct is alleged by the employer, and denied by the former employee, the burden of proof rests with the employer to establish that misconduct indeed occurred. In this case, the only person with firsthand testimony regarding the separation was the claimant and he has denied any wrongdoing on his part. Thus, the employer has failed to provide sufficient evidence to establish that the claimant was discharged due to an act of willful misconduct. Therefore, he is not subject to the disqualifying provisions of this section of the Law.

**DECISION:** The Examiner's determination is reversed. The disqualification imposed under Section 25-4-78(3)(b) of the Law is removed and the reduction of the maximum amount of benefits payable is restored. The employer's experience rating account is chargeable for this period of employment.

**APPEAL RIGHTS:** This decision becomes final unless an application for leave to appeal to the Board of Appeals is received in writing at the Department address above or by fax at 334-242-0539 on or before the **FINAL DATE OF May 14, 2015**. If an appeal is filed, and the claimant remains unemployed, the claimant should continue to file weekly claims on time pending the outcome of the appeal. Payments can only be made for eligible weeks for which timely claims have been filed.

Felita D. Gartrell
Administrative Hearing Officer

FDG/sjt

CC:    MS. LETTA GORMAN
       ATTORNEY AT LAW
       P.O. BOX 983
       GENEVA, AL 36340

STATE OF ALABAMA )

COUNTY OF GENEVA )

My name is Timothy Scott Andrews. I am over 40 years of age and have a medical disability for which I wear an insulin pump. My coworkers and supervisor are aware of this disability. I have been employed for 6 years as a paramedic with the City of Hartford since 2009 and was terminated by Chief Andy Hovey on February 3, 2015. This action by Chief Hovey was upheld by Mayor Sorrells effective February 23, 2015. The alleged basis of my termination was that I "delayed a response to a medical call while on duty". This is absolutely not true and I appeal that decision. Pursuant to the City's Policy Manual, I had no prior disciplinary warnings or written charges. I am submitting this statement as an appeal to that termination and to make sure that each and every one of you are aware of the events leading up to my termination.

Turner Shelley, an EMT Basic, was assigned to work with me. In January of this year, I complained to Chief Hovey that Turner was harassing me by calling me names related to my disability (i.e. Wilford Brinley), starting rumors about me, and invading my privacy by taking pictures of my personal belongings and showing them to others. In addition, Turner ignored me when I would tell him what to do. Nothing was done. I felt like this was a hostile work environment.

On or about January 26, 2015 Turner was driving and I was the paramedic on duty transporting a patient to Flowers Hospital when the subject call came in from the dispatch. I was told there was a patient complaining of abdominal distress at the Police Department in Hartford. I told Turner to head back to Hartford. When I asked whether the call was an emergency, I was told that was left up to me. As we approached Hartford, Turner was driving and decided to go by the Rescue Building to pick up his cell phone. I told him to go to the Police Department, but he ignored me. When dispatch asked where we were, I advised we were at the Rescue Building and would be there in 3 minutes. They cancelled the call. I have no knowledge of the result to the patient. I was terminated.

After my termination from the Rescue Squad, the Hartford Police Department terminated my volunteer position as well. By their arbitrarily asking me to turn in my gear, I feel I received disparate treatment since I am aware that at least one other person was terminated from the Police Department and allowed to volunteer with the Fire Department.

I feel that not only was I discriminated against and wrongfully terminated, but my character in the area has been irrevocably damaged. I am asking that I be compensated for the time I have been terminated and the character assault I have suffered, and my attorney fees paid.

I SWEAR THE FOREGOING TO BE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE.

DATE: 05/04/11

TIMOTHY SCOTT ANDREWS